UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

CAPMARK FINANCE INC.,                    :
                                         :
          Appellant,                     :
                                         :
          v.                             :        File No. 1:08-CV-262
                                         :
R & G PROPERTIES, INC.,                  :
                                         :
          Appellee.                      :
_____:

## RULING ON APPELLANTS' MOTION FOR LEAVE TO APPEAL
(Paper 1)

I.    Introduction

     Capmark Finance Inc. filed an emergency motion for leave to
appeal the Bankruptcy Court's November 21, 2008 Order requiring
turnover (Paper 1).  R&G Properties, Inc. did not file an
opposition to the motion.

     For the reasons stated below, the appeal is allowed.

II.   Background[1]

     In November 2000, R&G Properties secured financing to
purchase five mobile home parks in Vermont.  R&G executed a
mortgage, security agreement, and assignment of rents and leases
to secure the loan.  The loan is serviced by Capmark.  R&G

_____

     [1]    The facts are drawn from the Bankruptcy Court's
November 21, 2008 Memorandum of Decision explaining the
Bankruptcy Court's Order.  The Court is disappointed in Capmark's
failure to submit the Memorandum with its motion for leave to
appeal as it is integral to an appeal of the Order.

1

defaulted in December 2002 and Capmark provided written notice of default in June 2003.

The parties have engaged in protracted state court litigation. As part of that litigation, John Wilking was appointed receiver of the properties in September 2006. Since R&G defaulted, none of the rental income from the properties was used to pay the mortgage until Wilking took control as receiver. R&G filed for Chapter 11 bankruptcy in September 2008. The only unrelated creditor listed is Capmark.

After R&G filed for bankruptcy, Capmark filed an emergency motion seeking to have Wilking excused from the turnover requirement of 11 U.S.C. § 543. R&G opposed the motion. After an evidentiary hearing, the Bankruptcy Court granted the motion and entered an order, inter alia, waiving the requirement for sixty days until November 21, 2008. On November 11, Capmark filed a motion to continue the status quo until a plan of reorganization was confirmed or for at least ninety days. R&G again opposed the motion and the Bankruptcy Court held an evidentiary hearing. The motion was denied on November 21, 2008 and the court ordered immediate turnover of the properties to R&G. The court also issued a Memorandum of Decision explaining its rationale for denying the motion to waive the turnover requirement. See Mem. of Decision, In re R&G Props., Inc., Dkt. No. 08-10876 (Bankr. D. Vt. Nov. 21, 2008).

Also on November 21, Capmark moved for a stay pending appeal
and an emergency motion for leave to appeal in the Bankruptcy
Court and an emergency motion to stay turnover and for an
injunction pending appeal in this Court which were docketed in
case number 1:08-mc-83.  This Court granted the motion to stay
the same day.  Order, Dkt. No. 08-mc-83 (D. Vt. Nov. 21, 2008).
R&G's motions to vacate the stay are denied in a separate order
of the Court of this same date.  Capmark's motion for leave to
appeal the underlying Bankruptcy Court order is discussed below.

III. Motion for Leave to Appeal

Under 28 U.S.C. § 158(a), federal district courts are vested
with appellate jurisdiction over bankruptcy court rulings.
Bankruptcy court final orders may be appealed to the district
court as of right.  § 158(a)(1).  "An order is final if
'[n]othing in the order . . . indicates any anticipation that the
decision will be reconsidered.'"  Nevada Power Co. v. Calpine
Corp. (In re Calpine Corp.), 365 B.R. 401, 407 (S.D.N.Y. 2007)
(quoting In re Palm Coast Matanza Shores Ltd. P'ship, 101 F.3d
253, 256 (2d Cir. 1996)).

Here, the Bankruptcy Court's Order directed the Receiver to
immediately turn over custody and control of the properties to
R&G.  Order, In re R&G Props., Inc., No. 08-10876 (Bankr. D. Vt.
Nov. 21, 2008).  Also, in the thirteen page opinion supporting
the order, it explained "the Creditor's motion is denied and the

Receiver must turn over possession and control of the Debtor's property."  Mem. of Decision at 13, Dkt. No. 08-10876 (Bankr. D. Vt. Nov. 21, 2008).  Because the language contains no indication that the Bankruptcy Court would reconsider its decision, the Court finds the Bankruptcy Court's Order is final and therefore the motion for leave to appeal is moot.

In the absence of any opposition by R&G, the questions presented are, as requested by Capmark:  (1) Whether the Bankruptcy Court has authority to continue waiver of turnover in excess of sixty days from the Petition Date when, arguably, the state court order appointing the receiver contains a sunset provision, and (2) Whether a waiver of turnover is warranted in this case.

IV. <u>Conclusion</u>

For the reasons stated above, Capmark's appeal is allowed. The parties are directed to follow the briefing schedule contained in local rule 83.8(F).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of February, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge